BRUNOT, J.
 

 William Barker, Peter Albano, and Peter Dakash were charged with assault and robbery, the crime' denounced by R. S. § 809.
 

 After arraignment and plea, no severance being asked for, the accused were tried together. The trial resulted in the conviction of Barker and Albano and in the acquittal of Dakash. Prom the verdict and the court’s sentence of not less than 12 nor more than 14 years at hard labor in the Louisiana State Penitentiary, both Barker and Albano appealed, but, for some reason not disclosed by the record or discoverable in either brief, the appeal of Albano alone is presented to us.
 

 The record contains four bills of exception. Bill No. 4 was reserved to the overruling of a motion for a new trial. This motion is based upon a mere recital of bills Nos. 1, 2, and 3, and, as counsel for appellant in his brief, page 4, has abandoned bills Nos. 1 and 2, and now relies for a reversal of the verdict and sentence upon bill No. 3 only, it is therefore not necessary to consider the other bills.
 

 Bill No. 3 was reserved to the following remark made by the assistant district attorney in the course of his argument to the jury:
 

 “Whilst they were summoning barbers, I notice that Albano did not summon the barber who shaved him on the 31st day of January.”
 

 Counsel for Albano excepted to the remark, and the court thereupon instructed the jury as follows:
 

 “The court instructs the jury that they must rely upon their own recollection of the evidence as they have heard it from the witnesses on the stand, and not the statements made by counsel.”
 

 AxJpellant’s counsel contends that, notwithstanding the court’s instructions to the jury, it is reversible error for the prosecuting officer to have commented, in his argument to the jury, upon defendant’s failure to have summoned the witness referred to. There is nothing in the record to indicate the connection or the 'significance of the remark comXilained of. It appears from the'briefs that the defendant appellant relied upon an alibi. His contention was that he could not have participated in the crime charged because he was being shaved at a barber shop, located a considerable distance from the scene of the robbery, at the time the crime was committed.
 

 It is true that the assertion of an alibi does not affect any of the legal presumptions in favor of an accused person, nor does it relieve the state, at any stage of the prosecution, from affirmatively proving the guilt of the accused beyond a reasonable doubt, but, when a defendant testifies that he was with other persons at a scene remote from the scene of the crime charged, at the time the crime was committed, and it appears that he made no effort to secure the presence of those witnesses, or to explain their absence, it is a reasonable and fair inference that, if they had been called, and had testified in the cause, their testimony might not have been helpful to the accused. This court has held that the district attorney may, in his argument to the jury, direct attention to the non-production and unexplained absencemf a material witness. State v. Thomas, 127 La. 576, 53 So. 868, 37 L. R. A. (N. S.) 172, Ann. Cas. 1912A, 1059; State v. Johnson, 151 La. 625, 92 So. 139.
 

 We think the Thomas and Johnson Cases have special application where there is nothing in the record to indicate the connection or significance of the remark complained of.
 

 We do not think there is any merit in appellant’s bill No. 3, and the verdict and sentence are therefore affirmed.