270 So.2d 508

**STATE of Louisiana**

**v.**

**John T. RODDY.**

**No. 52509.**

Nov. 28, 1972.

Rehearing Denied Jan. 9, 1973.

Joseph B. Dupont, Sr., Plaquemine, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Aubert D. Talbot, Dist. Atty., A. J. King, Jr., Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

Defendant, John T. Roddy, was tried by jury and convicted of the crime of manslaughter and sentenced to serve 12 years in the State Penitentiary. On this appeal, the defendant reserved numerous bills of exceptions during his trial, however, where they have not been perfected or argued in brief by defense counsel, they have been considered abandoned. The other bills are grouped into four categories:

Bill of Exceptions Nos. 1 and 2 were reserved when the trial court denied the defendant's Motion to Quash based on an alleged denial of the right to a speedy trial. According to the trial judge's per curiam, while it is a fact that the defendant was not brought to trial for a year and nine months after the commission of the crime, on two occasions in that period, the trial was continued at the instance of defense counsel. Once when the defense counsel was engaged in another trial, and a second time when he was ill. Neither of these reasons can be attributed to the State. As to defendant's allegation of the loss of valuable witnesses due to the delay in trial, we find this was not due to any action on the part of the State or the court. When the defendant sought a continuance on the day of the trial to effect service on these witnesses, the trial judge offered to grant such a continuance to the defendant at such time during the trial, upon request if the defense counsel could not present his witnesses when he was ready to do so. No such request for continuance was made during the trial, the defense only putting on those witnesses it had on hand. Consequently, we do not find any error here. These bills are without merit. See State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).

Bills of exceptions Nos. 3, 5 and 7 relate to the trial court's denial of defendant's Motion to Suppress which involved a statement given by a defendant to the investigating police officers shortly after the commission of the crime on the grounds that the defendant was not given proper warning of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In finding that the confession and the statement was voluntary, the trial court relied upon the testimony of Deputy John Dewey Gonzales, and the fact that the defendant signed the statement once it was reduced to writing. The trial court relates that,

"* * * the defendant did not, in effect, deny that the statement was freely and voluntarily given, nor did he contend that any threats promises or other inducements were used . . . Deputy

Gonzales impressed the court as being a sincere and knowledgeable officer and the court was convinced that he did in fact read the *Miranda* warning to the defendant prior to taking his statement. The court was further convinced that the defendant was no stranger to the sheriff's office or to the court, thoroughly understood what was involved and was well aware of his right to remain silent and to the assistance of counsel."

The argument that defendant makes regarding the availability of a second deputy, Deputy Preston Ambeau, who was at the trial and had been allegedly present when the inculpatory statement was made is without merit. We are aware of the rule that where a party has a material witness within his control and fails to call him as a witness, an inference arises that the witness would not support that party's case. State v. Barker, 159 La. 762, 106 So. 295 (1925). However, even if we were to allow this inference to be drawn with respect to the failure of the state to call Deputy Ambeau, under the circumstances here we find that there was no violation of the defendant's constitutional rights.

After hearing all the evidence, the trial judge determined that the *Miranda* warnings had been given and understood and that the defendant's statements were not the product of coercion or duress. Such a factual determination by the trial judge is given great weight. It will not be disturbed on appeal unless it is clearly erroneous. State v. Vessel, 260 La. 301, 256 So.2d 96 (1971). These bills of exceptions are without merit.

Bill of Exceptions No. 4 was taken when the trial court overruled the defendant's objection to the prosecution's questioning the defendant about previous arrests. Closely related to the previous bills of exceptions Nos. 3, 5 and 7, this bill was taken outside the presence of the jury during a hearing held to determine whether or not the defendant had been given the *Miranda* warnings. The trial court's per curiam indicates the questions pertaining to previous arrests were posed, over defendant's objections, in an effort to determine the defendant's familiarity with arrest procedure. We agree with the trial judge that inasmuch as the entire hearing on the *Miranda* issue was outside the presence of the jury, and only after all the prospective jurors and witnesses had been sequestered, the accused could not have possibly been prejudiced thereby. Bill of Exceptions No. 4 is without merit.

The final bill of exceptions argued in the defendant's brief, Bill of Exceptions No. 6, was reserved when the trial court

denied the, defendant's motion for a mistrial in response to the following remark by the District Attorney in his opening statement:

> "The State will also introduce into evidence certain inculpatory statements made by the accused, John T. Roddy."

Immediately following the remark, even before the District Attorney said another word, the trial judge admonished the jury as follows:

> "The jury is instructed to disregard the statement of the District Attorney. You are to remove it from your minds entirely." .

Thereupon, the jury was dismissed while counsel argued defendant's motion for a mistrial, after which the trial judge made his ruling. Upon recalling the jury, the trial judge further admonished the jury, thus:

> "Court: Gentlemen of the jury, the State, the District Attorney is required by law to make an opening statement. This opening statement is required by law to contain a general statement on the basis on which the State intends to ask you for a conviction. Some things are also prohibited from being included in the opening statement. One of these is any reference to inculpatory statements or to a confession of anything of that sort. To the extent that the District Attorney made reference to such a statement, you are to disregard his remarks altogether. Put them out of your mind completely, just as though you had never heard them. Do you understand that?

> Any statements which the District Attorney had made in his opening remarks relative to a statement by the defendant in this matter is to be forgotten by you entirely. It is to be put out of your mind altogether. It has no part, no proper part in the District Attorney's opening statement. You are totally and completely to disregard any reference to any inculpatory statement by the defendant. Is that perfectly clear? All right, Mr. Talbot, does that conclude your opening statement."

Mr. Talbot: "Yes, Your Honor."

While the defendant is correct in his brief that La.C.Cr.P. Art. 767 states "emphatically and under no uncertain terms that the district attorney cannot refer to an inculpatory statement or confession prior to introduction", we do not find this to be reversible error in this case. The trial court's admonition to the jury, under La. C.Cr.P. Article 771, appears to have satisfactorily cured the error. The admonition was made immediately and emphasized repeatedly. Further, inasmuch as the inculpatory statements were subsequently intro-

duced into evidence, we cannot see any prejudice flowing from the remark.

There is no merit to this bill of exceptions.

For these reasons, the conviction and sentence are affirmed.

BARHAM, J., concurs.