290 So.2d 299 (1974)
STATE of Louisiana
v.
Christopher KENNER, Jr.
No. 53902.
Supreme Court of Louisiana.
February 18, 1974.
*300 John E. Conery, Lippman, Hunter & Rawls, Franklin, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Edward M. Leonard, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Appellant, Christopher Kenner, Jr., was arrested by the Morgan City Police Department and charged with possession of stolen property and theft. Later, when his confession established that he forcibly entered the victim's automobile to take a case of taped recordings, the District Attorney filed bills of information charging simple burglary and theft. La.R.S. 14:62. He was tried on the charge of simple burglary, found guilty and sentenced to imprisonment at hard labor for six years.

I.
Prior to trial, appellant filed a motion to suppress a written confession. The motion was denied by the trial judge. Bill of Exceptions No. 1 was reserved to this ruling, and the confession was later introduced in evidence at the trial. The motion to suppress is based upon appellant's allegation that the confession was not made freely and voluntarily but was made under the influence of fear, duress, intimidation, menaces, threats, inducements and promises and without appellant having been fully advised of his rights to remain silent, the right to counsel, or the consequences of waiving those rights.
According to the evidence relied upon to support the bill of exceptions, appellant was arrested and booked for possession of stolen property and theft on March 10, 1972. At 7:55 p.m., at the station, the booking officer, Officer Mugovan, had defendant sign a waiver of rights. This waiver purported to follow the Miranda requirements; however, it contained this statement: "We have no way of giving you a lawyer. One will be appointed for you, if you wish, If and when you go to court." (emphasis added).
Later, at 8:10 p.m. appellant was taken into a room for interrogation by Detective Robert Miller. This officer then presented a correct waiver of rights document containing the proper Miranda warnings which assured appellant that a lawyer would be appointed "before any questioning" if he wanted one. In addition the document contained this waiver: "I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me." It was then read to appellant and signed by him in the presence of Detective Miller who signed as a witness. Appellant was under the impression at this time, as was Detective Miller, that the charge against him was possession of stolen property and theft, the charge for which he was initially booked.
Having obtained appellant's signature to the waiver, Detective Miller asked him if he would like to make an oral statement. He agreed to do so. His confession then followed, in which he disclosed that he had pried open a window vent in the victim's car, after which he entered and took a case of recorded tapes. This confession was transcribed by typewriting onto three pages. It was presented to him the next day to sign. He signed on each of the three pages. On the basis of the information thus obtained, the District Attorney filed a bill of information charging simple burglary.
On the hearing of the motion to suppress, appellant's presentation consisted entirely of a broad and general self-serving statement that he was not aware of his rights. He testified in general terms that he was threatened with physical harm. He was under the impression, he said, that he was confessing to the misdemeanor, possession *301 of stolen property; whereas, as the case developed, he was ultimately charged with simple burglary, a felony, on which charge he was convicted. Detective Miller testified for the State. He recounted in detail the circumstances surrounding the taking of the confession and exhibited the waiver signed by appellant. The signed confession was also presented, and appellant admitted that he signed all three pages of the transcribed confession.
After hearing the evidence, the trial judge found the confession to be free and voluntary, that the Miranda warnings were given and the right to counsel was waived. State v. Vessel, 260 La. 301, 256 So.2d 96 (1971). In response to the contention that appellant did not realize that he was confessing to a felony, the trial judge ruled that an accused is not entitled to be fully informed prior to interrogation of the charge or charges which may be lodged against him. He reasoned that the officers engaged in the interrogation of suspects are often not learned in the law and are not authorized to decide what charge the district attorney will file or what indictment a grand jury will return. The interrogating officer's duty is to inform the accused why he has been arrested, and to fully inform him of his rights. Any information freely and voluntarily imparted by a suspect under these circumstances is admissible against an objection of involuntariness of the confession or failure to give Miranda warnings. The trial judge was of the opinion that the contention was effectively answered by the Miranda warnings which inform the accused that "Anything you say can be used against you in court." The ruling was correct.
For the first time on this appeal it is contended that the State's failure to call another officer who was present during the interrogation creates a presumption that his testimony would not be favorable to the State. Appellant testified there was a uniformed policeman present in the room whose appearance he did not otherwise describe; nor did he identify him in any way, or call him as a witness. Failure of the State to call this "other witness" to testify, it is argued, creates a presumption that this "other witness" would testify against the State, thus supporting appellant's contention that the confession was not voluntary. State v. Roddy, 263 La. 1064, 270 So.2d 508 (La. 1973).
Other than appellant's testimony, there is no evidence to support the statement that another witness was present at the interrogation. On the trial judge's finding, the contention can be dismissed. The clear inference is that appellant's testimony was not credible on this point. On the issue of voluntariness, the judge believed Detective Miller and not appellant. In addition, the probative value of the signed confession and signed waiver would not be seriously impaired by verbal testimony to the contrary.

II.
A second bill of exceptions was reserved when the trial judge refused to grant a mistrial after he allegedly made a prejudicial remark concerning another crime committed by appellant in the presence of prospective jurors prior to trial.
On November 15, 1972 the case was called for trial. Prospective jurors were seated in the courtroom awaiting the disposition of a motion for continuance filed on behalf of appellant. Appellant requested and obtained permission to take the stand to testify in support of his motion for continuance. During the course of his testimony, while being questioned by his court-appointed counsel, reference was made to his incarceration on a previous occasion for another offense. Reference was also made by defense counsel to the fact that he was representing appellant on a previous charge on a fee basis, and on the instant charge of simple burglary as court-appointed counsel, appellant's indigency having been satisfactorily established.
*302 In the discussion which ensued the judge decided to continue the case until the next day, because the minutes of court did not show that appellant was present when the case was fixed for trial. Though his testimony was somewhat incoherent, at that time appellant seemed to be asking the trial judge whether the instant case (simple burglary), or the previous charge to which reference had been made would be taken up the next day, as he had a witness he wanted to call. The trial judge responded by saying, "We might try them both. We are going to try this one tomorrow." When this occurred defense counsel moved for a mistrial on the ground that the judge had referred to other crimes of appellant. The motion was denied and a bill reserved. In denying the motion the trial judge ruled, on the authority of Article 761 of the Code of Criminal Procedure, that a mistrial was not authorized as the trial had not yet begun, the first prospective juror not having been called for examination.
A mistrial must be ordered, unless defendant requests that only an admonition be given, when a remark or comment, made within the hearing of the jury by the judge during the trial refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. La.Code Crim.Proc. art. 770.
We find it unnecessary to reach the question whether Article 770 applies to a prejudicial remark prior to trial. We find that appellant and his attorney themselves referred to other crimes. It was only the judge's effort to answer appellant which provoked the comment complained of.
Casual remarks of the trial judge not calculated to influence the jury are not ground for a mistrial or for setting aside a verdict after conviction and sentence. State v. Tomsa, 126 La. 682, 52 So. 988 (1910). Mistrial is a drastic remedy which is only authorized in specified instances where unnecessary prejudice results to the accused. State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972).
Furthermore, it is evident that no prejudice resulted to appellant. Defense counsel questioned numerous prospective jurors regarding the prejudicial effect of what they heard concerning other crimes charged to appellant. All indicated that the previous day's proceedings and the comments complained of would not affect their ability to render a fair and impartial decision. La. Code Crim.Proc. art. 921.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.