DOMENGEAUX, Judge.
On May 29, 1984, the defendant, Kalian Arvie, was charged by grand jury indictment with forcible rape, in violation of La. R.S. 14:42.1. On December 12 through 14, 1984, the defendant was tried by a twelve person jury that found him guilty as charged. On April 12, 1985, the trial court sentenced the defendant to serve nine years at hard labor with credit for time served, and at least two years of that sentence is without benefit of parole, probation, or suspension of sentence. The defendant appeals his conviction, urging six assignments of error.
FACTS
On March 23, 1984, sometime after midnight, Kathleen Thomas, who was staying at her sister’s apartment in Ville Platte, allegedly was raped by the defendant, Kal-ian Arvie. At the time of the alleged rape, Kathleen’s sister, Tammy Thomas, was living with the defendant. The defendant admitted that he and Kathleen engaged in an act of sexual intercourse, but contended that she had consented. After the alleged rape, Kathleen ran three blocks to a friend’s house, claimed she had been raped, then collapsed. Kathleen and her friend then contacted her mother in Baton Rouge. Kathleen also called two of her aunts, who came over and reported the incident to the police. Shortly thereafter, the police arrived, then went to Kathleen’s sister’s apartment to bring the defendant to the police station for questioning. He subsequently was arrested and charged with the crime of forcible rape.
ASSIGNMENTS OF ERROR:
1. The trial court erred in denying the motion for mistrial requested when it was brought to the attention of court and counsel that information outside the trial had influenced members of the jury to the prejudice of the defendant.
2. The trial court erred in that the defendant was prejudiced by comments made by the trial court during an admonition to the jury concerning information brought to their attention outside the courtroom.
3. The trial court erred in allowing the State to have a police officer witness read a statement of the alleged victim to the jury.
4. The trial court erred in allowing a witness, qualified as a medical expert, to give opinion testimony concerning the credibility of the victim.
5. The trial court erred in allowing police officer witnesses to testify to the jury that appellant refused to make a statement to them; erred in that the prosecutor tried to elicit this testimony; and erred in that the prosecutor *1086 made reference to this in his closing argument.
6. The trial court erred in that defendant received ineffective assistance of counsel from his court appointed counsel in this case.
ASSIGNMENTS OF ERROR NOS. 1 AND 2:
By these assignments of error, the defendant contends there was error for the trial court to deny his motion for mistrial due to prejudicial statements, made outside of trial to certain members of the jury, and give an admonition instead. The defendant further asserts that the trial judge’s comments during the admonition to the jury further prejudiced him.
During the trial, it was alleged that someone had approached two jurors outside the courtroom and told them that the defendant was guilty. Out of the presence of the other jurors, the trial judge questioned both jurors and asked if the incident would influence their verdict. Both indicated that they could put the incident aside and decide the case solely from the evidence. The remaining jurors were brought in and the judge then admonished the entire jury to disregard anything that was said.
Louisiana Code of Criminal Procedure Article 771 states the cases in which an admonition to the jury, instead of a mistrial, is warranted. However, the court may grant a mistrial, on the motion of the defendant, if the court is satisfied that an admonition is insufficient to assure the defendant a fair trial. La.C.Cr.P.Art. 775 mandates an order for mistrial when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial.
In State v. Wesley, 347 So.2d 217 (La.1977), the Court noted that a mistrial is a drastic remedy which is not warranted if, within the sound discretion of the trial court, an admonition is sufficient to reserve the defendant’s right to a fair trial. Further, where prejudicial remarks are made before the jury, the trial judge may use his discretion to admonish the jury to disregard the remarks rather than grant a mistrial, a remedy which should be used only in those instances which might result in substantial prejudice to the defendant. State v. Burdgess, 434 So.2d 1062 (La. 1983). In the case at bar, the trial judge, in his discretion, felt that an admonition was sufficient, despite the defendant’s motion for mistrial. In his admonition to the jury, the judge stated that “it could have been to influence you just to find the man guilty, but it could well have been one of his friends trying to cause a mistrial.” The defendant contends that the judge’s remarks prejudiced the defendant so as to warrant a mistrial. However, from the entire context of the admonition, it appears that the trial judge was not trying to influence the jury to the prejudice of the defendant, but was trying to cure any problem that had occurred with respect to any statements which were made.[1] Casual remarks of the trial court not calculated to *1087 influence the jury are not grounds for mistrial or for setting aside a verdict after conviction and sentence. State v. Kenner, 290 So.2d 299 (La.1974).
The two assignments of error thus lack merit.
ASSIGNMENT OF ERROR NO. 3:
The defendant asserts that it was error to allow the State to have a police officer witness read a statement of the alleged victim to the jury.
Officer Linda Brown, in testifying for the State, proceeded to read a statement that she took from the victim on the day of the rape. Officer Brown read the entire statement without objection by defendant’s counsel.[2] According to Louisiana Code of Criminal Procedure Article 841, an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. Since defense counsel failed to object to the reading of the statement at trial, he is not entitled to raise that error on appeal.
Thus this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4:
The defendant alleges that it was error to allow a witness, qualified as a medical expert, to give opinion testimony concerning the credibility of the victim.
The State called as their witness Dr. Henry Dupre, a general practitioner. He was submitted to the court as an expert in the field of general medicine with no objection from defense counsel. Doctor Dupre testified that he was the doctor on duty in the emergency room at the hospital when Kathleen Thomas was brought there for an examination after the alleged rape. He physically examined Kathleen after she informed him of the incident which occurred earlier. He testified as to her demeanor at the hospital, saying that “I feel that she was honest and I felt that she was telling the truth and her emotional reaction was consistent with a woman who had been raped.” He further testified that he believed she had been raped.
Defendant argues that in allowing Doctor Dupre to testify in his opinion as to the victim’s sincerety, and his belief that she was raped, was prejudicial error. However, it should be noted that the questions had been posed and answered without objection from defense counsel. La. C.Cr.P. Art. 841 provides, in part, that “[a]ny irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence ...” Thus, the issue of whether the evidence was impermissible opinion need not be delved into since defendant’s attorney did not raise this objection at trial. La. C.Cr.P. Art. 841; State v. Kahey, 436 So.2d 475 (La.1983). Notwithstanding this however, we are not satisfied that the doctor’s testimony objected to on appeal was beyond his expertise as a medical doctor.
Therefore this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 5:
The defendant contends it was error to allow police officer witnesses to testify to the jury that the defendant refused to make a statement to them; that it was error for the prosecutor to try to elicit this testimony; and that it was error for the prosecutor to make reference to this in his closing argument.
In the defendant’s brief, defense counsel asserts that the above mentioned errors occurred during the examination of Officer Michael Kleinpeter, Officer Soileau, Lt. Roy Jenkins, the defendant, and during the State’s closing argument to the jury. However, the testimony remarks were elicited without a single objection by defense counsel. Thus, according to La.C.Cr.P. *1088 Art. 841 any error which may have resulted was waived by defendant’s failure to make a timely objection. See also State v. Sims, 346 So.2d 664 (La.1977). Thus this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 6:
The defendant alleges that the defendant received ineffective assistance of counsel from his court appointed counsel in this case. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983) discussed ineffective assistance of counsel as follows:
“To establish a claim of ineffective representation, the defendant must demonstrate that counsel did not meet the level of competency ‘normally demanded’ in criminal cases. An adequate defense must be based on ‘informed professional deliberation.’ McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); State v. Felde, 422 So.2d 370 (La.1982). Effective assistance of counsel does not mean ‘errorless’ counsel, or counsel which may be judged ineffective on mere hindsight, but counsel ‘reasonably likely to render and [actually] rendering reasonably effective assistance.' State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982).
In the recent decision of State v. Berry, 430 So.2d 1005 (La.1983), this court established a meaningful analysis for claims of ineffective assistance of counsel. Adopting the two-pronged inquiry of McQueen v. Swenson, 498 F.2d 207 (8th Cir.1974), this court established the first inquiry as to whether counsel violated some duty to the client. The second inquiry is whether the violation, if any, prejudiced the client in the defense of his case.”
In the case before us, the record reveals that the defendant’s trial counsel breached no duty toward the defendant which unduly prejudiced the defendant in defense of his case.
The defendant claims that in several situations, counsel failed to object to hearsay statements and to the prosecutor’s eliciting of information froih the defendant and other witnesses in violation of the defendant’s privilege against self-incrimination.
Several people testified at the defendant’s trial and a sizeable portion of the testimony elicited was cumulative. Thus, although some hearsay statements did go unobjected to by defense counsel, that evidence for the most part was also elicited through other witnesses or statements. Thus, it cannot be said that the defendant was prejudiced by counsel’s failure to object to the hearsay statements.
The prosecution’s eliciting of information allegedly in violation of the defendant’s privilege against self-incrimination without objection by defense counsel was also not prejudicial. Since the defendant voluntarily chose to take the stand, he waived his fifth amendment privilege against self-incrimination which would have required him to answer possibly incriminating questions pertinent to the case under consideration, if relevant. State v. Rhodes, 337 So.2d 207 (La.1976). The questions asked of the defendant and other witnesses were both pertinent and relevant to the case being tried; thus, the defendant was not prejudiced by defense counsel’s failing to object to such questions because he was considered to have waived his privilege against self-incrimination.
Thus this assignment of error is without merit.
For the above and foregoing reasons the conviction and sentence of the defendant is affirmed.
AFFIRMED.

. The instruction admonishing the jury read as follows:
"BY THE COURT:
Ladies and gentlemen of the Jury, two of your jurors were approached by a person and it was reported to you that this person said that — asked them if they were on the jury. Mr. Vidrine and Mr. Gautreaux. Asked them if they were on the jury and told them, in effect, you must find that man guilty. Of course ya’Il realize that's improper conduct by anyone trying to influence the jury. Absolutely improper. I instruct you to disregard anything that was said. It could have been to influence you just to find the man guilty, but it could well have been one of his friends trying to cause a mistrial. So it means nothing. You should not pay any attention whatsoever. You should only listen to the evidence and arrive at your decision from that evidence. No outside influence whatsoever. Has anyone of you, because of that statement, caused you any type of feeling because the statement was made by that black gentlemen to two of the jurors as reported to you all? If ya’Il have any reservations whatsoever, I want ya’Il to tell me now. Do you understand? None of you have any reservations. Are you all willing to decide this case solely from the evidence that you hear from the witness stand and the law given to you by the Judge.”

. An earlier objection was made by defense counsel during the direct examination of Officer Dale Soileau in which defense counsel made reference to the signed statement of the state. However, defense counsel’s objection appeared to be limited to Officer Soileau’s testimony as to what the victim may have said and not to the reading of the victim’s statement by Officer Brown.