256 So.2d 96

**STATE of Louisiana**

v.

**Leroy Ray VESSEL.**

No. 51138.

Dec. 13, 1971.

Frank J. Polozola, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Frank J. Gremillion, Asst. Dist. Atty., for plaintiff-appellee.

TATE, Justice.

The defendant Vessel was found guilty without capital punishment of murder. La.R.S. 14:30; La.C.Cr.P. Art. 817. He was sentenced to life imprisonment.

On his appeal, the defendant principally contends that his written confession was improperly admitted into evidence, and that the murder weapon and other evidence recovered as a result of his involuntary oral statements should also have been excluded as the fruit of a poisoned tree.

The defendant argues that the confession (and the statements leading to the recovery of the incriminating evidence) did not result from a knowing and intelligent waiver of his privilege against self-incrimi-

nation. It is suggested that they should be regarded as involuntary, being the product of an unduly lengthy interrogation of this uneducated 17-year-old Negro boy unrepresented by counsel.

In finding that the confession and the statements were voluntary, the trial court relied upon the testimony of the two investigating detectives and of an investigator from the district attorney's office.

According to them, Vessel was given the pre-interrogation warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), shortly after his arrest. He thereafter freely and voluntarily executed a written statement acknowledging that he had been informed that he had a right to remain silent, that anything he said could be used against him, and that he had a right to the presence of an attorney, either retained or court-furnished if he could not afford one.

The testimony of the two investigating detectives shows that Vessel was interrogated on three days: the day of his arrest, the day following, and then the next day. On each occasion, the period of interrogation was less than an hour.

On the first two days' interrogation, the defendant Vessel had denied guilt. On the third day, following a visit from his father and sister, he admitted he knew where the murder weapon and other evidence were hidden (although denying participation in the murder); he led the officers to the house under which the weapon and evidence had been placed and helped the officers to find them.

Vessel then told the officers he was ready to confess. He was again warned he did not have to make any statement and that the officers would quit questioning him any time he wished. Nevertheless, he made a full confession of his participation in the crime, freely signing it after it was reduced to writing.

The defendant Vessel testified that he had not received the Miranda warnings and that the detectives had beaten him. He did admit that he had not told his father (who had visited him during his jailing) of the alleged beatings. The police officers positively denied them.

The State's evidence shows that the statements and the confession were freely and voluntarily made, after the defendant Vessel had been fully informed of and had waived his constitutional rights. No evidence shows prolonged and isolated questioning, such as would wear down the will of an accused of the defendant's youth.

The accused was interrogated during relatively brief periods on each of three days, and he was not denied access to his family and their advice during this period. He was informed of his right to an attorney, but waived it.

He is shown to possess an eighth grade education, to be able to read, and to be of normal intelligence. There is no evidence to suggest he was not fully able to understand his right to remain silent and to have a lawyer if he wished one.

After hearing all the evidence, the trial judge determined that the Miranda warnings had been given and understood and that the defendant's statements were not the product of coercion or duress. Such a factual determination by the trial judge is given great weight. It will not be disturbed on appeal unless it is clearly erroneous. State v. Hall, 257 La. 253, 242 So.2d 239 (1970).

By his brief on appeal, the defendant also argues that the trial court erred in failing to grant a directed verdict and new trial. The sole basis for this argument is that, if the confession and murder weapon are excluded as illegally obtained, then there is no evidence at all to support a conviction.

Aside from procedural reasons why this court could not allow the relief as to a directed verdict (see State v. Williams, 258 La. 801, 248 So.2d 295 (1971)) and a new trial as prayed for, the sole basis for the defendant's argument disappears upon our finding that the confession and murder weapon were properly admitted and constituted evidence relating to the defendant Vessel's guilt.

For the foregoing reason, we affirm the conviction and sentence.

Affirmed.

SUMMERS, J., concurs.