267 So.2d 190

STATE of Louisiana

v.

Floyd A. ST. ANDRE.

No. 51731.

Oct. 4, 1972.

Rehearing Denied Oct. 26, 1972.

O. Romaine Russell, Guy A. Modica, Baton Rouge, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant was indicted and tried for the crime of aggravated rape, La.R.S. 14:42. The jury returned a verdict of guilty without capital punishment and the accused was sentenced to life imprisonment at the State Penitentiary.

On this appeal, the accused is relying on thirty-nine bills of exceptions to obtain a reversal of the conviction. Bills of Exceptions Nos. 24, 34, 36 and 38 were not perfected and therefore are not before

this court. La.C.Cr.P. art. 845. Bills of Exceptions 28, 32 and 39 were not briefed or argued and are therefore considered abandoned. State v. Mills, 229 La. 758, 86 So.2d 895 (1956).

■ Bills of Exceptions 1 through 23, reserved during voir dire examination of the prospective jurors, pertain to defendant's allegations that the trial court exceeded its authority by excusing the prospective jurors, *ex proprio motu*, and not by ruling on a challenge for cause by either counsel for the State or the defendant. We find these bills without merit.

La.C.Cr.P. art. 787 clearly gives the trial judge discretion to disqualify a prospective petit juror from service in a particular case "when for any reason doubt exists as to the competency of the prospective juror to serve in the case." As noted in the redactor's comment to the article, "This article is very broad, but it is essential to give the court a wide latitude to determine jurors' qualifications in the particular situation of each case. This article complements to a degree Arts. 797 and 798 which list special challenges for cause. It is necessary to give the judge the right to disqualify, a challenge being available only to counsel."

■ Bills of Exceptions Nos. 25, 26 and 27 were taken by the defendant to the court's overruling a motion to quash the indictment and motion for a mistrial after it was learned that the indictment was not read in its entirety to the jury (see La. C.Cr.P. art. 765(2)) by virtue of omission of reading the name of the co-defendant, not tried with the present defendant, and failure to grant a mistrial for the same reason. We do not see any prejudice flowing from this omission as to constitute reversible error, if any, or grounds for dismissal. La.C.Cr.P. arts. 464 and 921. The omission did not mislead the defendant to his prejudice nor is the defect, if any, in the indictment one of substance as to him. La.C.Cr.P. art. 487. These bills are without merit.

By Bill of Exceptions No. 29, defense counsel principally contends that the defendant had not been informed of his constitutional right to remain silent prior to being interrogated pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and of his right to counsel at a line-up.

■ The testimony of the two arresting officers shows that St. Andre was advised of his rights prior to interrogations at the police station and that the defendant did sign a waiver of his rights. The defendant is shown to possess at least a seventh grade education, to be able to read, and to be of normal intelligence. There is no evidence to suggest that he was not fully able

to understand his right to remain silent and to have a lawyer if he wished one.

After hearing all the evidence, the trial judge determined that the Miranda warning had been given and understood and that the defendant's statements were "spontaneous" and were not the product of coercion or duress. Such a factual determination by the trial judge is given great weight. It will not be disturbed on appeal unless it is clearly erroneous. State v. Vessel, 260 La. 301, 256 So.2d 96 (1971).

■ Despite the absence of counsel, the trial judge declined to suppress the line-up identification, holding that the procedures for the line-up, as reconstructed, were fair and impartial and satisfied the Constitutional requirements. We find no error of constitutional significance, the line-up having been taken prior to the defendant's indictment, Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). We conclude this bill of exceptions lacks merit.

■ Bills of Exceptions Nos. 30 and 31 both pertain to witnesses' statements admitted into evidence over defense counsel's objections. In the first instance, the trial judge correctly ruled the witness' answer was part of the res gestae exception to the hearsay rule. We also find the statement of a second witness was properly admitted into evidence as a spontaneous utterance, another exception to the hearsay rule. Hearsay is clearly admissible if it comes within the broad res gestae exception applied in Louisiana. La.R.S. 15: 447; State v. Shaffer, 260 La. 605, 257 So. 2d 121 (1971). See also H. Alston Johnson, III, Comment, 29 La.L.Rev. 661 (1969). The bill is without merit.

■ Bills of Exceptions Nos. 33 and 35 were both taken to the admission into evidence of a copy, instead of the original waiver of rights form, purportedly signed by the defendant.

As the deputy who helped execute the waiver form testified that the exhibit was a copy of the original, the trial court was in the best position to weigh the evidence before it and rule as it did. The record reveals that the proper foundation was laid for the admissibility of the exhibit. Such a factual determination by the trial judge is given great weight. It will not be disturbed unless it is clearly erroneous. State v. Hall, 257 La. 253, 242 So.2d 239 (1970). These bills lack merit. See also Pardo v. U. S., 369 F.2d 922 (1966).

■ Defendant reserved Bill of Exception No. 37 to the court's ruling on the relevancy of an answer by the State's expert medical witness. Notwithstanding the fact that this objection came too late, after

the doctor had answered the questions, this court has repeatedly held that it is within the sound discretion of the trial judge to determine whether or not there is a rational connection between the fact which is sought to be proved and the fact which is an issue in the case. The ruling of the trial judge was correct. The doctor testified about the wound allegedly caused by the force utilized by the defendant in the aggravated rape of the victim. There is no merit to this bill.

For the reasons assigned, the conviction and sentence are affirmed.

SUMMERS, J., concurs in the decree only.

BARHAM, J., concurs and assigns reasons.

BARHAM, Justice (concurring).

I concur in the majority opinion in order to note a potentially fatal defect in connection with Bills of Exceptions Nos. 25, 26, and 27. These bills were reserved to the refusal to quash the indictment and the overruling of a motion for a mistrial. The basis of the objections was the failure to sever the indictment which charged two persons, the defendant and another, with the commission of the offense.

In this case I concur rather than dissent because this defendant had notice in advance of trial of the severance. Further, the jury did not have any knowledge that another person was also charged in the same indictment because the court reporter read the indictment to the jury without mention of the other person. There was no prejudice to the defendant under these circumstances.

Failure to sever could result in a finding that there is no valid indictment as to a defendant on trial when he has been charged jointly with another but tried alone. In the future I would be compelled to conclude that an omission to file separate indictments is inexcusable.

The majority fails to consider the Code of Criminal Procedure articles pertinent to the issue presented by these bills of exceptions:

"Art. 704. Severance

"Jointly indicted defendants shall be tried jointly unless:

"(1) The state elects to try them separately; or

"(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance."

"Art. 705. Effects of severance

"When the court has ordered severance of an indictment, the district attorney *shall file separate indictments.*

"In the case of a grand jury indictment, no further action by the grand jury is required. Severed indictments shall be considered as filed on the date of the filing of the original indictment. Proceedings under the original indictment are not affected by the severance except insofar as they may be inconsistent with some other provision of this Code. *The effects of a severance, as stated in this article, apply to severances under Articles 532(3) and 704.*" (Emphasis supplied.)

These articles demand the filing of separate indictments not only when the defendant moves for and is granted a severance, but also when the State severs voluntarily. The last sentence of Article 705 does not limit the application of the requirements of that article to severances obtained by the defendant; rather, it states that all severances made under the authority of Article 704 are subject to the effects of Article 705. This includes severances made at the election of the State. See Comment (a) of Article 705.

A physical severance—separation of the indictment—is required and cannot be achieved by the judge, or anyone else, orally amending the indictment by deletion of that portion concerning the other person charged.

For these reasons I concur.