PER CURIAM.
The defendant appeals from a conviction, after a trial by jury, of armed robbery (La.R.S. 14:64), for which he was sentenced to serve forty years at hard labor in the State penitentiary. He relies upon fifteen bills of exceptions to obtain a reversal of the conviction and sentence.
Bill of exceptions No. 1 was reserved to the trial court’s denial of the defendant’s motion to excuse the jury venire. The motion was made on the grounds that the district attorney, in the presence of the jury, moved to sever the indictment which had charged the defendant along with two others, and to try Archie Williams in a separate trial.
*760 We can find no prejudice to the defendant from the fact that the jury-heard the State’s motion for a severance. The jury was retired immediately after the motion was made, and they heard no part of the argument thereon. This bill is without merit.
Bill of exceptions No. 2 was reserved when the trial court allowed the indictment to be read to the jury, including the names of the other defendants under the original indictment. The defendant moved for a mistrial which motion was denied by the trial court.
Again, we find that no prejudice to the defendant resulted from the fact that the jurors heard that the defendant was indicted along with two others. Testimony introduced at the trial brought out the fact that the defendant was not the only person involved in the perpetration of the crime charged. This bill is without merit.
Bills of exceptions Nos. 3, 4, 5 and 6 all relate to the defendant’s objection to the trail court’s admissibility of evidence of the alleged aggravated rape of the victim into the trial. Counsel contends the injection of such testimony in the trial for armed robbery was inflammatory and denied the defendant a fair trial. However, we find the alleged aggravated rape was part of the res gestae. La.R.S. 15:448 provides ;
“To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal, act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.” (Emphasis mine.)
The general rule is that all that occurs at the time and place and immediately before and after a difficulty is admissible as res gestae.
La.R.S. 15:447 declares “ * * * what forms any part of the res gestae is always admissible in evidence.” The testimony reveals the alleged aggravated rape of the victim’s date took place immediately after the armed robbery was said to have taken place. There is no merit to these bills.
Bill of exceptions No. 7 was taken when the trial judge denied a motion for mistrial, which had been based on grounds a State’s witness, Officer Gill, injected hearsay testimony as to what an unnamed informer thought, specifically, that the informer “felt like his life was in danger.” Immediately after the Officer made this statement, the trial judge gave the following admonition to the jury:
“The Court: Gentlemen of the jury, you can disregard the last answer, the last statement made by Officer Gill as not being relevant and not being responsive to the question having no weight and no bearing. You must give it no weight and no bearing in your deliberation.”
*762 The purpose of Code of Criminal Procedure Article 771 is to deal with situations such as this on which this bill is based. Generally, this Court has held that a verdict should not be set aside on account of an improper, spontaneous, unsolicited remark by a witness. The trial court properly admonished the jury to disregard the statement. This bill has no merit.
Bill of Exceptions No. 8 has not been briefed by the defendant and is therefore considered abandoned.
Bills of exceptions Nos. 9 and 10 concern the admissibility of the defendant’s taped recorded confession.* The defendant alleges that he gave the tape recorded confession so that the police would stop beating him, and that he signed the waiver of his rights after he gave the tape recorded confession. Herein, defense counsel then argues that the burden of proving the voluntary nature of a confession rests upon the State, and that reasonable doubt exists as to the voluntary nature of the instant confession. He submits that the trial court committed manifest error in denying the motion to suppress.
A reading of the evidence discloses that Detective Ronnie Alford, and Mr. Joe Salard, an investigator employed by the District Attorney both testified that the accused was advised of his constitutional rights and, in fact, signed a printed rights waiver form before he was asked any questions concerning the crime. Further, Mr. Salard also testified that he again advised the accused of his constitutional rights at the beginning of the tape recording and that this advice appeared on the tape itself. Neither do we find anything in the record' that the accused made the tape under any type of force or coercion.
In light of the fact that the defendant was given the Miranda warning and there appears beyond a reasonable doubt that the defendant’s confession was made freely and voluntarily and not under the influence of fear, duress, intimidation or threats, contrary to La.R.S. 15:451 we find no reversible error. These bills of exceptions Nos. 9 and 10 lack merit-.
Bills of Exceptions Nos. 11 and 12 were not argued by the defendant in his brief and are therefore considered abandoned'.
Bill of Exceptions No. 13 was taken when the Assistant District Attorney asked Bill Jones, a witness called for the defense:
Q. “Is it not a fact, Bill, that after you testified on Tuesday, somebody called you and talked to you about your testimony?
A. No, sir.
Q. Who talked to you about your testimony Tuesday afternoon?”
*764 Defense contends that it was error for the Assistant District Attorney to assume 'by his second question that the contrary answer had been given by the witness, in violation of La.R.S. 15 :278. Earlier, Jones had given a taped statement which implicated the defendant in the crime. When called to testify as a defense witness, Jones stated that everything he had reported to the police was untrue. The purpose of the State’s questioning was clearly to impeach Jones’ testimony.
Bill of Exceptions No. 14 was reserved to the trial court’s overruling defendant’s objection to the state’s playing the tape recording of Jones’ statement to the arresting officers. The State wanted the tape played to show that, contrary to Jones’ testimony, the tape was almost wholly a narrative statement by Jones, and not a programmed “leading-question-affirmative-reply” colloquy as alleged by Jones.
Based on the evidence attached to these bills before this court, we find that under the provisions of La.R.S. 15:487, 488 and 493, the law regarding the impeachment of the defense witness was complied with.
Bill of Exceptions No. 15 was reserved by the defendant when the Assistant District Attorney, in his closing argument, stated:
“Now, defense would have you believe that — well the first thing is, one of the most discouraging things about prosecuting criminal cases is you find yourself doing very little prosecuting and doing a lot more defending. Every criminal I’ve tried in the past four years I have found that I have had to defend the victim and the Police Department. I have never understood how, in argument, defense counsel are always able to turn the victim into the villain. It always happens. The victim in a rape case, for example, some poor girl is dragged into the bushes and raped. Defense will show you that it is her own fault.”
La.Code of Criminal Procedure article 774 states:
“The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.”
“The argument shall not appeal to prejudice.”
“The state’s rebuttal shall be confined to answering the argument of the defendant.”
As emphasized in State v. Dennis, 250 La. 125, 194 So.2d 720 (1967), this Court stated, “Under the jurisprudence of this Court, before a verdict approved by the judge is set aside on the ground of improper argument, this Court must be thoroughly convinced that the jury was influenced by the remarks, and that they contributed to the *766 verdict. State v. Jackson, 227 La. 642, 80 So.2d 105.”
No showing has been made that the jury was influenced by the remarks of the State or that they contributed to the verdict. As to the defense argument that the trial court gave its tacit approval to the State’s comments by overruling the objection, this Court has held that when a defendant avails himself of the lack of the cautionary instruction, by remaining silent and not making a specific request to the trial judge to cure any error that may have been committed, it creates a trap for the unwary judge to the prejudice of the fair and efficient administration of justice. Where the defendant did not make known to the trial judge his desire for such a cautionary instruction and afford him an opportunity to give it, we find no error. State v. Ray, 259 La. 105, 249 So.2d 540 (1971).
As we said most recently in State v. Daniels, 262 La. 475, 263 So.2d 859 (1972), “while we do not condone or encourage such remarks . . . we do not think that it is sufficiently inflammatory and beyond the realm of fair comment on the evidence as to warrant the granting of a new trial.” This bill is without merit.
For these reasons, the sentence and conviction are affirmed.
BARHAM, J., dissents with written reasons.

 Taped confession by defendant, Arcliie Lee Williams: Record, pages 1270 to 1315 inclusive'.