404 So.2d 261 (1981)
STATE of Louisiana
v.
Danny G. SERMON.
No. 80-KA-2804.
Supreme Court of Louisiana.
September 8, 1981.
Rehearing Denied October 9, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., Terry Johnson & Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Thomas L. Lorenzi, of Hunt, Godwin, & Painter, Alcide J. Gray, of Gray, Clemons & Spruel, Lake Charles, for defendant-appellant.
LABORDE, Justice Ad Hoc.[*]
Defendant Danny G. Sermon was jointly indicted with George Herbert English in a single bill of indictment charging them with first degree murder in violation of LSA-R.S. 14:30, as amended by Acts 1976, No. 657, § 1. On motion of the State, a severance was granted between Sermon and English and Sermon was rearraigned.[1] The first trial of Danny Sermon ended in a mistrial. In a second jury trial, defendant Sermon was found guilty as charged and was sentenced to life imprisonment at hard *262 labor without benefit of probation, parole, or suspension of sentence.

ASSIGNMENT OF ERROR NO. 1[2]
Defendant contends that the trial court erred in denying his motion to quash on the ground of double jeopardy.
Following the first day of voir dire examination three prospective jurors were selected to serve. The trial court failed to sequester them and instead allowed them to return home. It was later pointed out to the trial judge that defendant was charged with first degree murder, a capital offense and thus one requiring that each juror be sequestered after he is sworn. LSA-C. Cr.P. art. 791. Because the three jurors already selected were allowed to return home, the trial judge concluded that its decision not to sequester the jury had created a legal defect in the proceedings. Accordingly, the trial court on its own motion and despite defense objections, declared a mistrial. LSA-C.Cr.P. art. 775(3). Trial was then rescheduled but defendant moved to quash the renewed proceedings on the grounds of double jeopardy. La. Const. 1974, Art. 1, § 15; LSA-C.Cr.P. art. 591 et seq. The motion was denied following which defendant was tried and convicted of first degree murder. Defendant reurges this double jeopardy claim on appeal.
Louisiana Code of Criminal Procedure Article 592 provides that when a defendant pleads not guilty, jeopardy does not attach until the first witness is sworn at the trial on the merits. This article has been amended by the U.S. Supreme Court's holding in Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). See also State v. McCord, 376 So.2d 154 (La.1979), Unpublished Appendix No. 63,029. In Crist, the Supreme Court held that the federal rule governing the attachment of jeopardy is an integral part of the Fifth Amendment's guarantee against double jeopardy and thus it must be applied to the States. The federal rule provides that jeopardy does not attach until the jury is empaneled and sworn.
Applying these principles to the facts present in the instant case, the selection and swearing in of three jurors was insufficient to trigger the attachment of jeopardy prior to the trial court's declaration of a mistrial. Without this initial attachment of jeopardy, defendant's claim that his retrial twice placed him in jeopardy lacks merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant contends that the trial court erred in failing to dismiss the proceedings when the prosecution failed to file a separate indictment against him, as required by LSA-C.Cr.P. Art. 705.
On September 15, 1977, the Calcasieu Parish Grand Jury returned an indictment for first degree murder against the defendant and George Herbert English. Pursuant to an oral motion filed by the State on March 13, 1978, the charge against the defendant was severed from that lodged against English. Thereafter, on September 10, 1978, the defendant, Danny G. Sermon, was arraigned under the original indictment and entered a plea of not guilty. Later, at the close of jury selection on May 21, 1980, defendant filed a motion to dismiss the proceedings on grounds that the court-ordered severance of jointly-indicted defendants necessitated the filing of separate indictments under Article 705. Despite its untimely character, a hearing was held on the motion outside of the presence of the jury, with the trial court ultimately concluding that the state had substantially complied with the mandate of Article 705. By this appeal, defendant reurges his previously filed motion.
Assuming, without deciding, that separate indictments should have been filed, we nonetheless hold that defendant was in no way prejudiced by the trial court's failure to require separate indictments. The grand jury had jointly indicted the defendant and George English for the first degree *263 murder of Roland Lampris. After a severance was granted, the State proceeded against defendant and English individually, obtaining a conviction of English for first degree murder in March, 1978. Following a second arraignment and an aborted trial in April, 1980, defendant was finally convicted in May, 1980. Under these circumstances, it seems clear that defendant was fully notified as to the nature of the charge against him. While counsel for the defense claims that the procedure adopted by the state was improper, he fails to make any allegation as to how the state's omission to file a separate indictment prejudiced him. State v. St. Andre, 263 La. 48, 267 So.2d 190 (1972); State v. Williams, 263 La. 755, 269 So.2d 232 (1972); State v. Gardette, 352 So.2d 212 (La.1977); State v. Sonnier, 379 So.2d 1336 (La.1979).
Defendant's second assignment lacks merit.[3]

DECREE
For the reasons assigned, the conviction and sentence of Danny G. Sermon are affirmed.
NOTES
[*] Judges J. Burton Foret, Jimmy M. Stoker and P. J. Laborde, Jr. of the Court of Appeal, Third Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and associate justices Marcus, Blanche and Watson.
[1] George Herbert English was tried in March, 1978, convicted, and sentenced to death. This Court affirmed English's conviction but set aside the death sentence with instructions that he be sentenced to life imprisonment. State v. English, 367 So.2d 815 (La.1979).
[2] Due to the nature of the two assignments of error urged on appeal, a recitation of the facts surrounding the crime charged is unnecessary. Instead, the facts relevant to disposition of each assignment will be set forth as needed.
[3] The only support for defendant's position derives from Justice Barham's concurring opinion in State v. St. Andre, supra and his dissent in State v. Williams, supra. In these opinions, Justice Barham argued that the state is required to file separate indictments whenever jointly indicted defendants are tried separately. However, a majority of this Court has never adopted this position.