CHEHARDY, Judge.
The Jefferson Parish district attorney filed a bill of information charging Darryl Boutte, James Stewart, Jr., and Joseph Richardson with five counts of armed robbery and/or attempted armed robbery. These offenses involved different victims and allegedly occurred between March 28 and March 30, 1982.
Richardson was charged only in count one, while the other defendants were charged in all five counts. Richardson’s attorney therefore filed a motion for severance, which was granted.
The matter was tried before a jury only on counts four and five against defendants Boutte and Stewart. These charges concern the armed robbery of Douglas Doyle and Sandra Spath. Stewart was found not guilty on either count and Boutte was found guilty on both counts.
Following a pre-sentence investigation, Boutte was sentenced to 30 years at hard labor on each count without benefit of parole, probation or suspension of sentence.[1] The sentences are to run concurrently.
Boutte has appealed, relying on two assignments of error.
The record establishes the following facts:
On March 28, 1982 at about 5:15 a.m., Douglas Doyle and his companion Sandra Spath were returning from a date to the Chateau Dijon Apartments in Metairie, Louisiana.
They were approached by two men who asked directions to another apartment in the complex. The four people were walking toward the apartment Doyle and Spath intended to enter, conversing with each other. When they arrived at the apartment one of the men pulled a gun, ordered Ms. Spath to open the door and forced her and Doyle to lie facedown on the living room floor.
While rifling through Doyle’s possessions they found identification indicating he was a police officer. Both of the victims were tied up and searched for valuables. Rings were stolen from Ms. Spath and travelers checks, cash, a watch and car keys were stolen from Officer Doyle.
The ordeal lasted about 45 minutes while the perpetrators searched the apartment *338 asking for drugs, guns and valuables. A gun was put to Ms. Spath’s head by Boutte on several occasions, and he also pulled her up by the hair and cursed her. Doyle was kicked in the head by Boutte and a bottle of whiskey was poured over both of the victims while the robbers discussed setting them on fire. During the entire ordeal the victims were continually threatened and harassed by both robbers.
ASSIGNMENT OF ERROR No. 1
Defendant contends the trial court committed reversible error when Joseph Richardson was severed from the other defendants in counts two through five of the original bill of information because the district attorney failed to file separate bills of information thereafter.
We are referred to LSA-C.Cr.P. art. 705 and LSA-C.Cr.P. art. 5, which provide in pertinent part:
“When the court has ordered severance of an indictment, the district attorney shall file separate indictments.” (LSA-C.Cr.P. art. 5)
“The word ‘shall’ is mandatory, and the word ‘may’ is permissive.” (LSA-C.Cr.P. art. 5)
It should be noted that the defendant did not protest the severance until the first witness had been sworn at the present trial and had begun to testify. The trial judge denied the requested mistrial.
Appellant’s position is that failure to file separate bills of information following severance as mandated by the above-quoted statutes constitutes reversible error.
The jurisprudence of this state does not support defendant’s contention. In State v. Sermon, 404 So.2d 261 (La.1981), the trial court declined to dismiss the proceeding when the prosecution failed to file a separate indictment. In affirming the decision of the trial court the Supreme Court said at pages 262-263:
“Assuming, without deciding, that separate indictments should have been filed we nonetheless hold that defendant was in no way prejudiced by the trial court’s failure to require separate indictments. * * * While counsel for the defense claims that the procedure adopted by the state was improper, he fails to make any allegation as to how the state’s omission to file a separate indictment prejudiced him. State v. St. Andre, 263 La. 48, 267 So.2d 190 (1972); State v. Williams, 263 La. 755, 269 So.2d 232 (1972); State v. Gardette, 352 So.2d 212 (La.1977); State v. Sonnier, 379 So.2d 1336 (La.1979).”
We note that defendant was fully appraised of the charges against him in counts four and five because the severance affected only Joseph Richardson who was charged only in count one, which concerned another victim. In no way was Richardson charged in the other counts involving Ms. Spath and Officer Doyle. Thus the defense has failed to establish that Boutte suffered any prejudice because of the State’s alleged inaction. He was at all times fully notified of the nature of the charges against him.
We find no merit in Assignment of Error No. 1.
ASSIGNMENT OF ERROR No. 2
Boutte contends the trial court failed to state for the record the considerations taken into account as a factual basis for imposing sentence and to consider mitigating circumstances as required by LSA-C.Cr.P. art. 894.1. He further alleges the sentences are excessive.
The mitigating circumstances to which appellant refers are: his age, lack of prior convictions, and the probation department’s recommendation of leniency.
The trial judge considered all of the mitigating circumstances, including the recommendation of the parole department, which amazed him. He concluded that the parole officer had not heard the testimony of the victims describing their ordeal.
The court also noted that defendant is only a technical first offender, since he has a serious arrest record. The court had heard testimony from at least one victim in another armed robbery with which defendant is charged, and noted defendant is charged with aggravated rape in another section of the court.
*339 A sentencing court is able to consider evidence of other criminal activity which has not resulted in convictions. State v. Washington, 414 So.2d 313 (La.1982).
Even without such other consideration, the crime itself of which defendant was convicted is heinous enough to warrant imposition of the sentence handed down.
We have reviewed State v. Robicheaux, 412 So.2d 1313 (La.1982), on which defendant relies, wherein our Supreme Court found a 25-year sentence for a first offender without possibility of parole appeared to be arbitrary and excessive.
In Robicheaux the armed assailant snatched a gold chain and medallion from the victim’s neck and ran down Bourbon Street.
Those facts in no way compare with the 45-minute ordeal of the victims in the instant case who were tied up, threatened with a gun, had whiskey poured over them and were threatened with being burned alive, along with other atrocities committed in ransacking the apartment, kicking one victim, pulling the other by the hair, etc. All of this was noted in detail by the trial court so that this court would be fully aware of his reasons for sentencing.
We conclude the trial judge carefully considered both the crime itself and the factors which would constitute mitigating circumstances in arriving at the sentence imposed. Thus, we find no merit in Assignment of Error No. 2.
For the foregoing reasons, the conviction and sentence of defendant Darryl Boutte are affirmed.
AFFIRMED.

. Pursuant to a plea bargain Boutte then pleaded guilty to an attempted armed robbery in count one, and the State dismissed counts two and three. He was sentenced to 10 years on count one without benefit of parole or suspension. The sentence is to run concurrently with the 30-year sentences for counts four and five.