COVINGTON, Judge.
The defendant, David Thomas Ellis, was charged by bill of information with the attempted first degree murder of Clyde Payne in violation of LSA-R.S. 14:27, 30 (Count 1) and attempted armed robbery of Clyde Payne in violation of LSA-R.S. 14:27, 64 (Count 2).[1]
The jury returned a responsive verdict of guilty of aggravated battery to Count 1, and acquitted defendant of Count 2. The defendant was sentenced to five years at hard labor. He has appealed, assigning fourteen errors. Assignments of error one through thirteen were not briefed, and are therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4.
The victim was shot in the leg with a .38 caliber pistol during an altercation at a car *46 wash in Baton Rouge. The defendant approached the victim and demanded money at gunpoint. The victim refused and a fight ensued, during which the victim was shot by the defendant. Defendant testified to a different version. He stated that he had given the victim $240.00, about two days before the shooting, to obtain drugs for him, and that the shooting was accidental when he tried to get either the drugs or the money back.
In the only assignment of error briefed, defendant contends that the trial court imposed an excessive sentence. The maximum sentence which can be imposed for the crime of aggravated battery is imprisonment at hard labor for not more than ten years. The penalty actually imposed by the trial court was five years, or one-half of the maximum assessable penalty.
The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits, State v. Sepulvado, 367 So.2d 762 (La.1979); and given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982); State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983).
Article 1, Sec. 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The determination turns upon the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
Sepulvado states that adequate appellate review must consider whether the trial judge gave due consideration to the statutory guidelines and has specifically stated his reasons for imposition of sentence as related to the particular defendant and the crime committed. While the trial judge need not articulate every mitigating and aggravating circumstance presented in LSA-C.Cr.P. art. 894.1, the record must reflect that the judge adequately considered the guidelines in particularizing the sentence to the defendant. State v. Guiden.
A review of the record in the case reveals that the trial judge particularized the sentence, considering the mitigating and aggravating factors as set out in LSA-C. Cr.P. art. 894.1, with respect to Ellis. Some of the factors required to be considered by LSA-C.Cr.P. art. 894.1 include the accused’s personal history, prior criminal record, the seriousness of the offense, the likelihood that another crime will be committed, and the potential for rehabilitation. State v. Trahan, 412 So.2d 1294 (La.1982).
In State v. Cox, 369 So.2d 118, 121 (La.1979), the Supreme Court enunciated its policy in reviewing sentences on the ground of excessiveness:
... [The Court] may vacate a sentence and remand for re-sentencing, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record.
Moreover, the Court held in State v. Brown, 395 So.2d 1301 (La.1981), that a sentence must be grossly out of proportion to the crime before the appellate court will vacate and remand for resentencing.
The record reflects that the trial judge did not abuse his discretion in sentencing the defendant. He set out the factors which he considered in the sentencing, as follows:
The court having received all information deemed appropriate does, therefore, sentence the defendant as follows: The defendant shall be committed to the custody of the Louisiana Department of Corrections to be imprisoned with hard labor for a period of five years. This sentence shall be served consecutively with any other sentence the defendant may be con *47 demned to serve at this time. The defendant is ordered to pay costs of court to the East Baton Rouge Parish Clerk of Court in the amount of $329.45. In pronouncing this sentence and in accordance with the provisions of Article 894.1 of the Louisiana Code of Criminal Procedure, the court cites that confinement is appropriate because there is an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime, and the court cites that the subject’s juvenile record consists of arrests for aggravated battery, disturbing the peace for which he was counseled and warned and released. His adult record consists of six arrests since 1978 for charges including aggravated battery, simple battery — two counts, misdemeanor theft — one count, forgery — nineteen counts, felony theft— one count, accessory after the fact to fourteen counts of forgery, theft by fraud, attempted second degree murder — two counts, attempted first degree murder — one count, and contempt of court — three counts. In most cases the subject was found either not guilty or no probable cause was found and the court notes that the subject does have two pending charges in the District Court at this time. The defendant is scheduled to be tried on July 11, 1983, before this court for the charge of aggravated battery, which has been reduced — which had been reduced from attempted second degree murder from the arrest of March 17, 1982. The defendant is also awaiting trial on that date on the charge of one count of forgery, which has been reduced from nineteen counts of forgery to one count of felony theft — or in addition to one count of felony theft and accessory after the fact to fourteen counts of forgery and theft by fraud. The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution, and the court cites the defendant’s self-admitted drug addiction and his expulsion from the East Louisiana State Hospital for smoking marijuana while he was undergoing treatment following voluntary admission there for his drug problem.
The court noted defendant’s lengthy history of arrests in imposing sentence. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983). He noted that, with his history of criminal conduct and admitted problems with drugs, it was likely that defendant would commit another crime. Although the court did not specifically address the question of victim inducement, we note that the record does not establish any prior involvement of the victim with defendant, and the jury obviously did not accept the defendant’s version of the incident.
We hold that the trial judge was within his discretion in sentencing the defendant to five years imprisonment under the circumstances of this case. The judge properly used the criteria as set forth in Article 894.1 of the Louisiana Code of Criminal Procedure. Due to the nature of the present offense and all of the factors considered, a lesser sentence would tend to diminish the seriousness of the crime. The maximum penalty allowable by law for a conviction of aggravated battery is a fine and imprisonment for ten years. The imposition of one-half of the maximum prison sentence allowable is not excessive under the circumstances.
It is clear from the record of the instant case that the jury found the defendant guilty of aggravated battery. The judge was justified in taking the defendant’s pri- or criminal record and any aggravating and mitigating circumstances into consideration in imposing sentence. Therefore, the sentence, which was in the middle of the statutory range (showing that the mitigating factors were given due weight), was within the discretion of the trial judge and not excessive when considering all of the factors involved. In the instant case, the sentence is neither apparently severe nor grossly out of proportion to the crime.
The assignment of error is without merit.
*48 DECREE
For the foregoing reasons, defendant’s conviction and sentence which are the subjects of this appeal are affirmed.
AFFIRMED.

. The bill of information incorrectly cites the statute for attempted armed robbery. The defense, the prosecution and the trial court all indicated throughout the trial, and on appeal, that they were aware of the relevant statute, and thus we find no reversible error patent on the face of the record. State v. Albert, 430 So.2d 1279, 1281 fn. 1 (La.App. 1st Cir.1983); LSA-C. Cr.P. art. 464. In any event, inasmuch as defendant was acquitted of the attempted armed robbery charge, the issue is moot.