HERBERT A. CADE, Judge Pro Tern.
Vernon Bernard was charged by bill of information with violation of R.S. 14:95.1. Trial by jury began and ended in a mistrial December 12, 1985, when impermissible other crimes evidence was introduced by the state. January 7, 1986 the case went to trial again; once the jury had been impaneled and sworn, a mistrial was declared because the state’s primary witness failed to appear. March 5, 1986, Bernard went to trial a third time. His plea of double jeopardy was overruled because objection to the second mistrial had not been entered. Bernard was found guilty and was sentenced to eight years at hard labor, without benefit of probation, parole, or suspension of sentence.
We reverse. It is true as a general rule that contemporaneous objection must be entered to avail of error after verdict. C.Cr.P.Art. 841. “However, the plea of double jeopardy is not a matter which is waived by the defendant’s failure to object to an allegedly improper grant of mistrial.” State v. Picchini, 463 So.2d 714, 717 (La. App. 4th Cir.1985), citing C.Cr.P.Art. 594; State v. Simpson, 371 So.2d 733 (La.1979). The plea was wrongly overruled; in view of Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), State v. Sermon, 404 So.2d 261 (La.1981), and State v. McCord, 376 So.2d 154 (La.1979), Unpublished Appendix No. 63-029, we hold that when the second jury was sworn jeopardy attached to prohibit a subsequent trial on the same offense.
The conviction and sentence are reversed and defendant is ordered discharged.