hDUFRESNE, Judge.
The sole issue presented in this appeal is whether the trial judge erred in denying the defendant’s motion to quash the indictment. For the reasons set forth herein, we find no error.
On March 12, 1998, the Jefferson Parish Grand Jury returned an indictment charging the defendant, Levy Dickerson, as well as Russell Kirkland and Richard Strip-pling with first degree murder, a violation of LSA-R.S. 14:30. The state subsequently reduced the charge to second degree murder, LSA-R.S. 14:30.1, and amended the indictment accordingly. The matter proceeded to trial against all three defendants in September of 1998; however, during the course of the proceedings, the attorneys for Strippling and Kirkland moved for, and were granted, a mistrial. The defendant herein, Levy Dickerson, then filed a motion to quash the indictment, arguing that a second trial following the mistrial would subject him to double jeopardy. Following a hearing, the trial court denied the motion to quash.
The trial court subsequently granted a severance, and the case against the defendant proceeded to trial in December of 1998. At the | {.conclusion of the proceedings, the jury returned a verdict of guilty as charged by a vote of ten to two. Following the denial of the defendant’s motion for new trial, the judge sentenced him to the mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence. The defendant now appeals.
FACTS
On January 17, 1998, at approximately 4:00 a.m., Jefferson Parish Sheriffs Officers Lenny Brown and Christopher Fisher were dispatched to the Faith Place area in Terrytown to investigate reports of gunfire. While their initial investigation revealed no evidence of gunfire, they did hear gun shots at approximately 5:15 a.m. Shortly thereafter, in the vicinity of the apartment complex, the officers saw a brown Thunderbird being driven in a reckless manner. The officers effected a traffic stop and ordered the driver, Levy Dickerson, as well as the passengers, Strippling and Kirkland, to exit the vehicle. Officer Fisher conducted pat-down searches of each of the men, but did not find any weapons or contraband. Fisher looked inside the Thunderbird to determine whether there were any more passengers, at which time he saw a chrome and brown handgun in plain view on the rear seat of the car.
During the course of the traffic stop, the officers received a radio call regarding a shooting at 1967 Faith Place, Apartment 197, David Johnson’s apartment. Fisher stayed with the defendant and his companions while Brown responded to the call. When Brown arrived at the scene, he found Johnson lying face-down in the doorway of the second floor apartment. The officer recognized the victim as the man who had been arrested during an altercation with the defendant in December. Brown advised | sFisher of this by radio and instructed him to detain the three men. The three suspects were thereafter transported to the detective bureau of the sheriffs office. Fisher, who transported defendant in his police unit, later found a key on the car seat where defendant had sat. There was testimony at trial that the defendant displayed a key to Johnson’s apartment earlier that night while he was drinking and playing cards with friends.
After the defendant’s arrest, he gave two tape-recorded statements, implicating Kirkland as the shooter.
DENIAL OF MOTION TO QUASH
In his sole assigned error, the defendant challenges the trial court’s denial of his motion to quash. He specifically contends that he was subjected to double jeopardy when the court granted his co-defendants a mistrial, then subsequently re-tried him.
At the first trial in this matter, the defendant was tried together with co-de *505 fendants Richard Strippling and Russell Kirkland. During the proceedings, Detective Michael Tucker gave testimony regarding the key recovered as evidence in the investigation. The defendant’s counsel asserted that he had never been informed of the key during pre-trial discovery, and objected to its introduction at trial. Kirkland’s attorney stated that he wished the key to come into evidence, as it supported his client’s defense.
After hearing the arguments of counsel, the trial judge said he was inclined to suppress the key. Strippling’s counsel then moved for a mistrial, in order that he might have time to view the evidence and plan any changes in trial strategy. Kirkland’s attorney joined in the motion. ^Although the minute entry for that day states, “[t]he defense atty [sic] joined in with a motion for mistrial,” there is nothing in the transcript to show that defendant’s attorney in fact joined in the mistrial motion.[1] The court granted the mistrial, and defendant’s counsel did not object to the court’s ruling. The defendant subsequently filed a motion to quash, arguing that he would be exposed to double jeopardy if he were subjected to a second trial, since he did not want or request the mistrial granted by the trial court.
The trial judge denied the motion to quash, giving extensive reasons for his ruling. He stated that a mistrial was in the defendant’s best interest, given that he objected to the admission of the evidence at issue. The judge noted that, had he granted a mistrial as to only Strippling and Kirkland, the fact that the trial continued as to Dickerson alone would have prejudiced the defendant in the minds of the jurors. The judge stated that he recalled defendant’s counsel having asked for a mistrial, although this might have occurred in chambers. He further reasoned that, by failing to object, defendant’s attorney implicitly agreed to the mistrial.
The defendant now complains that the trial court erred in denying his motion to quash the indictment. He specifically argues that he did not join in the mistrial motion raised by co-defendant’s counsel, that the mistrial was granted without his consent, and that he was subjected to double jeopardy when he was tried a second time. We find no merit to these arguments.
The Fifth Amendment to the United States Constitution provides that no person shall “be subject for the same offense to be twice put in jeopardy | ¡¡of life or limb.” Similar protections are offered by Article I, § 15 of the Louisiana Constitution. Protection against double jeopardy is divided into three basic guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a prosecution for the same offense after conviction; and (3) protection against multiple punishment for the same offense. North Carplina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Smith, 95-0061 (La.7/2/96), 676 So.2d 1068. See also LSA-C.Cr.P. art. 591.
LSA-C.Cr.P. art. 775 provides that a mistrial may be granted under the following circumstances:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
(4) The court finds that the defendant does not have the mental capacity to proceed;
(5) It is physically impossible to proceed with the trial in conformity with law; or
(6) False statements of a juror on voir dire prevent a fair trial.
*506 LSA-C.Cr.P. art. 591 provides that there is no double jeopardy bar to a second trial “where there has been a mistrial legally ordered under the provisions of Article 775, or ordered with the express consent of the defendant.” Generally, where the trial court declares a mistrial without the defendant’s consent, and where the mistrial is not based on one of the grounds listed in article 775, the action is considered an illegal dismissal, and any further prosecution of that defendant for the same criminal conduct | ñis barred by double jeopardy. State v. Joseph, 434 So.2d 1057 (La.1983); State v. Simpson, 371 So.2d 733 (La.1979); State v. Givens, 97-17 (La.App. 5 Cir. 10/15/97), 701 So.2d 1042, writ denied, 97-2893 (La.3/27/98), 716 So.2d 884.
While defendant’s counsel did not explicitly join in the mistrial requested by Strip-pling’s attorney, the trial court did not err in viewing counsel’s silence as acquiescence. In State v. Albert, 430 So.2d 1279 (La.App. 1 Cir.1983), writ denied, 433 So.2d 711 (La.1983), the court held that the failure of a defendant to object to a mistrial is synonymous to acquiescence in the court’s ruling, which bars any subsequent complaint that the court-ordered mistrial violated, the defendant’s double jeopardy rights.
In the present case, jeopardy unquestionably attached in the first trial when the judge declared a mistrial. However, we deem the defendant’s silence to be an acquiescence, and thus a1 consent to the mistrial order. Thus, there was no double jeopardy bar to the defendant’s second trial.
Moreover, we find that a mistrial was necessary to ensure that the defendant received a fair trial. In State v. Lawson, 338 So.2d 627 (La.1976), the court held that the rule that a mistrial declared without a defendant’s consent bars further prosecution does not apply where the court-ordered mistrial is regarded as justified in the interest of the accused, or. is required by physical or legal necessity.
In the present case,, the defendant’s interests were best served by the granting of the mistrial. The defendant objected to the key’s admission into evidence. Counsel for Strippling and Kirkland wished to have the key admitted into evidence, but had not been informed about it prior to the first 17trial. Given that this evidence was potentially exculpatory as to Strippling and Kirkland, they were entitled to a mistrial. The defendant did not, however, wish the key admitted as evidence. As the court noted, the defendant’s case would likely have been prejudiced had the trial proceeded as to him alone.
For the reasons set forth herein, we find that the mistrial was properly ordered, and thus, the defendant was not exposed to double jeopardy. Accordingly, the trial court did not err in denying the defendant’s motion to quash the indictment.
ERRORS PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals no errors.
For the reasons set forth here, we hereby affirm the defendant’s conviction and sentence.
AFFIRMED.

. The court’s clerk later informed the judge that the minute entry was in error, and that defendant’s attorney did not join in the mistrial motion.